Last case on calendar is United States v. Morris. We'll hear you now. Thank you. Good afternoon. Good afternoon, Your Honors. I represent Taekwon Morris on the 10-year sentence imposed for his conviction after guilty plea of being a felon in possession of ammunition. We contend on appeal that the imposition of the statutory maximum 10-year sentence was unreasonable, where Mr. Morris entered an early guilty plea, and his guideline range was 57 to 71 months. The imposition of the statutory maximum in this case gave him no credit whatsoever for his guilty plea and early acceptance of responsibility. He could not have done worse after trial, a factor that was ignored by the district court. The large variance was based on a single factor that Mr. Morris had fired the gun in the street, a factor that was fully accounted for by a four-level increase in his offense level. Now, this court recently It was a busy street. I'm not sure how busy it was. He was there on the street with his wife and another woman, I believe, and there had been some kind of confrontation with some neighbors. The video of the shooting does not depict who or what he was shooting at, but he could well have been defending his wife from somebody else with a gun. We don't know what he was shooting at. That was never determined. There were no witnesses or complainants or victims that came forward about this incident. But it was some kind of confrontation, which could have been self-defense. Was the district court in any way precluded from, by any rule, from reaching the decision it reached on the sentence? It's precluded just by the limits of substantive reasonableness. And this court recently in Jenkins re-explained and added some nuance to that standard, and it held that in evaluating whether the sentencing factor that was relied on, in this case the one factor, is reasonable, the court has to evaluate whether it can bear the weight assigned it under the totality of the circumstances. And Judge Coates, did she have the video available to her as part of the report? She did. She did, Your Honor. She could make a judgment as to how dangerous this was. She could. And, you know, we're not disputing that it was dangerous. You know, picking up a gun and shooting, even in self-defense, is dangerous. That is part of the calculus, right, as to whether a district judge has, in the course of imposing a sentence, been manifestly unjust or anything of that sort. Well, it is part of the calculus, but the standard is not quite manifestly unjust. I mean, this Court in Jenkins stated more than, I think, three times, that sentences at the statutory maximum should be reserved for the very worst offenders. And Mr. Morris is far from the very worst offender of a possessor. The judge was relying on, in part, on recidivism, because Mr. Morris committed this offense within a year, I think, of getting out of jail on a participation in a drug conspiracy. That's true, Your Honor. But that was also accounted for by his criminal history score, which included not only points for that prior conviction, also three misdemeanors, which were really minor offenses, but also two points for committing this offense while he was still on supervised release. So that was also accounted for in his criminal history score. And the typical kind of case where someone gets the statutory maximum for a felon in possession is a case where the guideline range is way over the 10 years, because the person has such a bad record or there are other factors that really increase the guideline range. In fact, the government couldn't come up with a single case in this circuit, in its brief, of this type. They relied on a few cases from places like Missouri and Texas, and even those cases the defendant had done much worse, had one cause death, or they had terrible records that were like one violent crime after another. In this case, there were many factors supporting Mr. Morris. There was an unusually strong letter of support from his employer, from his supervisor at Target, where he was an outstanding employee. Judge Coate considered that? She considered all those things, but what she didn't consider, and she didn't mention it, was the fact that by imposing this 10-year maximum, that she was depriving him of any credit whatsoever for his guilty plea and his full acceptance of responsibility, which was not just early acceptance, but a really strong heartfelt statement of remorse where he didn't minimize his conduct in any way, accepted absolute blame for everything he had done. And he got absolutely nothing for that. And that is a huge factor. That's something that really should weigh in the defendant's favor. So what we're contending is that he was not nearly the worst of the worst, which is really required for the maximum, and that the Court overrelied on one factor and didn't consider other factors, particularly his acceptance of responsibility. You've reserved rebuttal. Thank you, Your Honor. Good afternoon, and may it please the Court. My name is Jason Swergold. I'm an assistant United States attorney in the Southern District of New York. I represent the government on appeal, and I represented the government before the district court. Tyquan Morris's sentence was both procedurally and substantively reasonable. In sentencing Morris, Judge Cote had before her an individual who possessed ammunition in the course of a shooting, which, as the video showed, was on a busy street with several people standing nearby. He did it while on supervised release. less than one year after being released from a sentence of 76 months for crack distribution. He had a history of violence that included assaults, robberies, and firearms possession. Judge Cote balanced all of this against the steps that he had taken in the less than one year since he had been released from prison. Your adversary's argument is that all of the circumstances that you're citing, all of the circumstances cited by Judge Cote, are taken, already folded in, taken into consideration in the various adjustments and enhancements, and therefore the question becomes, did Judge Cote explain any other reason, any reason other than what's already taken into account for imposing the maximum sentence? Well, I believe she did, Your Honor. Except for the fact that the street is busy. I'm not sure I see anything. Well, Your Honor, first of all, in considering the dangerousness of the offense, Judge Cote was entitled to exercise her discretion and her judgment in viewing the video, which was submitted to the court in connection with sentencing and has been submitted to this court on appeal, to determine the exact circumstances of the shooting. Was this a person who had simply fired a gun into the air? Was it a person who fired a gun into the ground? Or was it a person, as evidenced in this case, who came down the street, made a deliberate decision to retrieve a firearm from a car while engaging in an argument from people who were off of the security camera, stepped into the middle of the street next to other people? So there was a woman who was sitting near the car, there was the defendant's wife, Morris's wife, who was sitting near the car, and then there were other people standing right nearby, walking next to those people in the middle of the sidewalk, taking the gun out, deliberately aiming it down the street, waiting, and then firing two shots, ditching the gun in the car, and running away. So absolutely, Judge Cote could look at that in terms of dangerousness, and she could also just consider the dangerousness of gun violence. And what Judge Cote said was, and this speaks really to the interplay between the dangerousness of this offense and his resorting to weapons, as well as his prior history of using weapons to commit violent acts as an enforcer for a violent drug trafficking crew. Judge Cote said that the defendant was going to come out of prison again after a lengthy sentence, which he had previously served and clearly had not deterred him, and that he was going to have to make a choice again in his life, whether this time he was going to renounce violence, renounce the streets, renounce guns. So she was clearly focused on the fact that the person that she had before her did have a violent history, did have a history of doing the very same things that he had done here, and now had returned to it in a very, very dangerous way. And so in considering the 3553a factors, Judge Cote found that the seriousness of the offense, the danger to the community posed by Morris, not just in this offense, but in general from his history, as well as the need – his high risk of recidivism outweighed the other 3553a factors. It was not an abuse of her discretion to do so. And the cases cited by the government, although not in this district, demonstrate that contrary to what – to what Morris is arguing, which is that there should be some upper bar, that there's really only one set of circumstances that warrant the worst, the statutory maximum, and that if you don't meet that, every time you come one less factor down, the sentence goes lower and lower and lower. Kennedy, what about that argument by Ms. Cassidy, that the maximum – that we have a rule that you don't impose the maximum except for the worst of the worst. Presumably, the district court has to make that determination. Is there such a rule? Well, there has – there is case law to support the idea that the statutory max is reserved for the worst of the worst, but the worst of the worst is not – it's not a black line. It's not as cut and dry as Morris would suggest it is. Because in that case, you – it would lead to absurd results. If somebody possessed a fire – let's just assume somebody possessed a firearm and it was in connection with a murder, and they weren't charged with anything else, just the felon in possession of the firearm. And let's say they killed three people, and the Court said, you know what, that's the worst of the worst, and given your criminal history, you're going to get 120 months. But now somebody comes along and they do the very same thing with four people, and now that last person is not the worst of the worst. What the Court looks at – But the government's position in this case was that he was not the worst of the worst. Otherwise, it – I mean, it – it had a plea agreement that was substantially less than the statutory maximum. Well, Your Honor, this – this was the only offense that the government could charge in this case, but – and the government's position, of course, was that the government took the position of a guideline sentence. But again, the standard is what could Judge Cote do under the totality of the – No, I understand. I understand that. But you're not – you're not suggesting that he's the worst of the worst. Your Honor, at this point – You're just defending the district court's decision. That's right. We are defending the district court's decision, which is – which is what is at issue before the Court. And given the totality of the circumstances and everything that Judge Cote considered, clearly, Mr. Morris in this case was one of the worst of the worst, given his criminal history, his history of violence, his recidivism less than one year after serving a very lengthy sentence for very serious conduct. And so Judge Cote did not abuse her discretion in sentencing the defendant to 120 months. And if the Court has no further questions, we would rest on our submission. Thank you. We'll hear from – I'd just like to make a quick response about his prior history of violence. Mr. Morris did get involved as a young man in his 18, 19 years old, 20, with a violent drug organization for which he was convicted and served most of his 20s in prison for. That's his violent history. That's it. He was 20 years old when he was arrested for that offense. His other points in his criminal history, three other points, are all misdemeanors, some so minor, like smoking marijuana in the hallway of his building or jumping a turnstile, that the probation office didn't even think the turnstile jumping should be counted. So he does not have a terrible, terrible history of the kind that makes him the worst of the worst. Far from it. And we contend that a defendant who has pled guilty and fully accepted responsibility